Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Zenaida Navarro Hatch, Pedro González<br><br>Recurridos<br><br>vs.<br><br>**Carmen Quiñones Lugo**, Sucesión de Miguel Sánchez Quiñones y otros<br><br>Peticionaria | TA2026CE00213 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: HU2023CV00172<br><br>Sobre: Acción de Deslinde |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**RESOLUCIÓN ENMENDADA[1]**

En San Juan, Puerto Rico, a 26 de febrero de 2026.

Comparece por derecho propio la señora Carmen Quiñones Lugo (Sra. Quiñones Lugo o parte peticionaria), quien nos solicita la revisión de la Orden emitida el 28 de enero de 2026[2], por el Tribunal de Primera Instancia, Sala Superior de Humacao (TPI o foro primario). Mediante el referido dictamen, el foro primario señaló la celebración de la Conferencia con Antelación al Juicio para el 4 de marzo de 2026.

Luego de evaluar el recurso presentado por la parte peticionaria, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

---

[1] **Se enmienda a los efectos de hacer constar que la Sra. Quiñones Lugo presentó de forma física los anejos del recurso el 24 de febrero de 2026 a las 10:22 a.m., siendo recibidos el 25 de igual mes y año.**
[2] Notificada el 29 de enero de 2026.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, denegamos la expedición del auto de *Certiorari*, por los fundamentos que expondremos a continuación.

## I.

El 2 de febrero de 2023, la Sra. Zenaida Navarro Hatch, el Sr. Pedro González y la Sociedad Legal de Bienes Gananciales constituida por ambos (parte recurrida, conjuntamente) instaron una Demanda sobre deslinde judicial en contra de la Sra. Carmen Quiñones Lugo y las Sucesiones de Miguel Sánchez Quiñones y Aleja Correa Santiago.

Luego de una serie de acontecimientos procesales, el 15 de agosto de 2025, la parte peticionaria radicó una Moción en Solicitud de Traslado, a la cual adjuntó una Declaración Jurada. En su escrito, manifestó que "no se siente conforme con la justicia" al ventilar su caso en la Sala de Humacao. (Citas omitidas).[3] Por ese motivo, peticionó que su caso se trasladara a la Sala de Fajardo.

Tras revisar dicha moción, el foro primario dictó una Orden, mediante la cual estableció que atendería dicho asunto en la vista calendarizada para el 20 de agosto de 2025. De conformidad con lo anterior, celebró la Conferencia con Antelación a Juicio en la fecha pautada. Durante ese día denegó —en corte abierta— la solicitud de traslado, según consta en la Minuta fechada el 25 de agosto de 2025:

> ***Revisado el expediente y escuchadas las partes, y a esta etapa de los procedimientos, la Juez declara No Ha Lugar la solicitud de traslado. Constata que los derechos de la parte demandada serán salvaguardados independientemente de lo que ocurra en otras salas. Luego, solicita a las partes provean fechas para tomar deposiciones.***[4]
> (Énfasis nuestro).

---

[3] Entrada 68 del Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), a la pág. 1.
[4] Entrada 76 del SUMAC TPI, a las págs. 1-2.

**Consecutivamente, 21 de agosto de 2025, el TPI notificó una Orden, en la cual declaró No Ha Lugar la solicitud de traslado, según lo había adelantado en la vista.**

En desacuerdo, el 26 de agosto de 2025, la Sra. Quiñones Lugo compareció, por derecho propio, ante este foro intermedio apelativo a los fines de peticionar la revocación de la denegatoria del traslado, contenida en la Minuta. Examinado su escrito de apelación, acogido como *Certiorari,* este Tribunal de Apelaciones emitió una Resolución el 15 de septiembre de 2025 (TA2025AP00288), en la cual desestimó el recurso por considerar que este era prematuro. Sobre este particular, razonó que la Minuta de la vista del 20 de agosto de 2025 aún no había sido firmada por la Juez que preside los procedimientos.

**No surge del expediente ante nos que, la peticionaria haya presentado ante este Tribunal de Apelaciones una solicitud de reconsideración respecto a dicha Resolución. Por tanto, el 18 de noviembre de 2025 se emitió el mandato de este dictamen apelativo.**

Continuados los procedimientos ante el foro primario, el 9 de enero de 2026, la Sra. Quiñones Lugo presentó una Moción Informativa. En síntesis, contextualizó que el TPI emitió una Minuta respecto a la vista del 20 de agosto de 2025, sin embargo, adujo que aún no ha sido firmada. Luego de evaluar su escrito, el foro primario dictó una Orden el 13 de enero de 2026, en la cual dispuso que tomaba conocimiento de referido asunto.

Así las cosas, el 28 de enero de 2026, emitió una Orden sobre Conferencia con Antelación a Juicio (Orden, en adelante)[5], en la cual precisó que venció el término para celebrar el descubrimiento de prueba y presentar mociones dispositivas. **Por consiguiente, señaló la Conferencia con Antelación a Juicio**

---

[5] Notificada el 29 de enero de 2026.

**para el 4 de marzo de 2026.** Decretó, además, que las partes deberán someter el Informe de Conferencia con Antelación a Juicio y la prueba documental por lo menos cinco (5) días previos a la celebración de dicho proceso.

Inconforme, el 18 de febrero de 2026, la Sra. Quiñones Lugo acudió ante nos mediante un recurso de *Certiorari.* En esencia, argumentó que el debido proceso de ley exige que las mociones de traslados sean atendidas, previo a resolver los casos en sus méritos. Por tanto, nos solicitó que le ordenáramos al TPI a que firmara la Minuta de la vista del 20 de agosto de 2025, y consecuentemente, que revoquemos la denegatoria del traslado. De igual forma, nos peticionó que dejáramos sin efecto la calendarización de la vista del 4 de marzo de 2026.

Sometido su recurso, este Tribunal de Apelaciones emitió una Resolución el 20 de enero de 2026, en la cual indicamos que el escrito presentado incumple con las Reglas 34 (B) y (E), 74 y 75 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), R. 34 (B) y (E), R. 74 y R. 75. En vista de ello, le concedimos a la Sra. Quiñones Lugo un término a vencer el 24 de febrero de 2026 a las 12:00 del mediodía para acatar tales disposiciones reglamentarias mediante la presentación de los documentos correspondientes. De incumplir nuestro decreto, adelantamos que procederíamos a desestimar su recurso.

**El 24 de febrero de 2026, entramos al expediente electrónico del SUMAC del TPI para utilizar los apéndices que obran en el mismo, y procedimos a denegar la expedición del recurso discrecional radicado por la peticionaria. No obstante, la Sra. Quiñones Lugo presentó de forma física los documentos correspondientes el 24 de febrero de 2026 a las 10:22 a.m. ante este Tribunal de Apelaciones. Sin embargo, dichos**

**documentos fueron remitidos a nosotros el día 25 de febrero de 2026 a las 9:45 a.m. A pesar de lo anterior, ya habíamos emitido una Resolución final. No obstante, la radicación de estos documentos no incide en nuestra determinación.**

**A su vez, hacemos constar que, al someter su documentación, la peticionaria también radicó un escrito en el cual esbozó similares argumentos a los contenidos en su recurso. Advertimos que este no será tomado en cuenta, toda vez que dicho escrito no se presentó con previa autorización de este Tribunal de Apelaciones, según exige la Regla 47 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025**).

**II.**

**A.**

En norma reiterada que, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención interlocutoria de este Tribunal de Apelaciones:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.*

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847-848 (2023) (citando a R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal *civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, a la pág. 533).

No obstante, una vez se adquiere jurisdicción a tenor con la Regla 52.1 de Procedimiento Civil, *supra*, la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> A. *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> B. *Si la situación de hechos planteada es la más indicada para analizar el problema.*

*C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*

*D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*

*E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*

*F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al. v. BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez, supra*, a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**III.**

Surge del expediente ante nuestra consideración que, el 20 de agosto de 2025, el foro primario celebró una vista, en la cual denegó la petición de traslado de sala presentada por la Sra. Quiñones Lugo, según consta en la Minuta concerniente a dicho

proceso. **Luego, dicha determinación se recogió en la Orden notificada el 21 de agosto de 2025 por el TPI:**

> *Conforme a la orden dictada durante la vista celebrada el 20 de agosto de 2025, NO HA LUGAR.*[6] (Énfasis nuestro).

**Advertimos que, el referido dictamen constituye una determinación final, por lo que, estamos imposibilitados de ejercer nuestra facultad revisora respecto a dicha Orden.** No obstante, a pesar de tales circunstancias, la peticionaria nos solicita que atendamos su moción de traslado, previo a la continuidad de los procedimientos ante el foro primario. En vista de ello, nos peticiona que dejemos sin efecto la Orden dictada el 28 de enero de 2026, en la cual el TPI señaló la celebración de la Conferencia con Antelación a Juicio para el 4 de marzo de 2026.

Luego de examinar detenidamente el recurso de epígrafe, no identificamos los criterios jurídicos dispuestos en la Regla 40 del Tribunal de Apelaciones, *supra*, que nos permitan expedir el recurso discrecional solicitado por la Sra. Quiñones Lugo. Nada en el expediente judicial nos devela indicios de prejuicio, parcialidad, abuso de discreción o error manifiesto en la interpretación o la aplicación de norma procesal o sustantiva por parte del foro primario. En virtud de lo anterior, denegamos expedir el recurso de *Certiorari* peticionado, toda vez que no se cumplen criterios para activar nuestra facultad revisora discrecional.

### IV.

Por los fundamentos que anteceden, los que hacemos formar parte de esta Resolución Enmendada, denegamos la expedición del auto de *Certiorari*, respecto a la Orden emitida el 28 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Humacao.

**Notifíquese inmediatamente.**

---

[6] Entrada 70 del SUMAC TPI.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones